UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SUSETTE McNEIL,

    Plaintiff,

-VS-

GENPACT SERVICES, LLC,

    Defendant.

CASE NO.:

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SUSETTE McNEIL (hereinafter "Plaintiff"), sues Defendant, GENPACT SERVICES, LLC (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably

1

intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

5. The alleged violations described herein occurred in Lake County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6. Plaintiff is a natural person, and citizen of the State of Florida, residing in Lake County, Florida.

7. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692a(3).

8. Plaintiff is an "alleged debtor."

2

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

10. Defendant is a corporation with its principal place of business located at 1155 Avenue of the Americas, Fourth Floor, New York, New York 10036, and which conducts business in the State of Florida through its registered agent, Cogency Global, Inc., located at 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

11. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5), as it pertains to a mattress that was financed by Plaintiff.

13. Over a period of just a few weeks, Defendant called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times in an attempt to collect a debt.

14. Defendant attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

15. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling her several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

16. Defendant called Plaintiff dozens of times after she clearly requested that Defendant stop calling her on her cellular telephone.

17. Some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls").

18. Plaintiff will testify that she knew it was an auto-dialer that called her because of the vast number of calls she received and also because she received "abandoned calls" from Defendant.

19. "Abandoned calls" occur when a called party answers the phone and hears nothing but dead air. This is a result of the auto-dialer making a call but having no available agent to transfer the call to once the called party answers.

20. "Abandoned calls" are typical with auto-dialers because the auto-dialer is calling many numbers at once, with less agents available than calls made.

21. As a result of the abandoned calls she received, Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically with no human being involved at the time of dialing.

22. Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number (352) *** - 0315 and was the called party and recipient of Defendant's calls.

23. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone number (352) *** - 0315 in an attempt to collect a debt associated with a "Sleep Number" mattress.

24. On or about February 20, 2019, Plaintiff answered a call from Defendant and instructed Defendant's agent to "please stop calling" her cellular telephone number.

25. In Response to Plaintiff's do-not-call request, Defendant's agent identified herself as an agent of "Genpact Services", requested Plaintiff stay on the line, and said that Defendant was calling to collect a debt.

26. Plaintiff again told Defendant's agent to "please stop calling" and then hung up.

27. Following the February 20, 2019 call, Defendant continued to call Plaintiff at a rate of multiple calls per day, multiple days in a row.

28. Plaintiff attempted to again request that the calls to her cellular telephone stop on several occasions, however when she answered calls from Defendant she was met with dead air (additional "abandoned calls").

29. Plaintiff received dozens of automated calls from Defendant following her February 20, 2019 do-not-call request.

30. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, as it continued to call Plaintiff after she clearly and unequivocally request that Defendant stop calling her cellular telephone.

32. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

33. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from Defendant's call.

34. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

35. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

36. As a result of the calls described above, Plaintiff suffered an invasion of privacy.

37. Plaintiff was further affected in a personal and individualized way by anger and frustration resulting from Defendant's campaign of unwanted and harassing calls.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

39. Defendant willfully violated the TCPA with respect to the Plaintiff, specifically for each of the auto-dialer calls Defendant made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

40. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

41. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

42. At all times relevant to this action is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

43. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family. Specifically, Defendant called Plaintiff multiple times per day, on back-to-back days, in an obvious effort to harass and intimidate Plaintiff.

44. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

45. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

46. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

47. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

48. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

49. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and

any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
mmartinez@forthepeople.com
*Counsel for Plaintiff*